**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:19-cv-62051-KMM

ANTHONY WRIGHT, individually and on
behalf of others similarly situated,

      Plaintiff,

v.

WASTE PRO USA, INC, *et al.*,

      Defendants.

_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiff Anthony Wright's Motion to Extend Tolling for Opt-In Plaintiffs to File Individual Actions. ("Mot.") (ECF No. 292). Therein, Plaintiff requests that the Court extend the tolling period by an additional 21 days to allow the 650 Opt-In Plaintiffs to file their individual actions. *Id.* at 1. Plaintiff argues that "the original twenty-one (21) days afforded is not sufficient time to complete all the necessary steps required for Opt-In Plaintiffs to proceed individually to file their claims." *Id.* at 2. Plaintiff requests an extension of the tolling period in order "[t]o avoid prejudice to Opt-In Plaintiffs." *Id.* at 3.

Defendants have filed a response in opposition to Plaintiff's Motion. ("Resp.") (ECF No. 294). Therein, Defendants contend that (1) the dismissed Opt-In Plaintiffs are not precluded from filing individual actions after the tolling period; (2) Plaintiff does not "mention what efforts have been expended to reach any Opt-In Plaintiffs" since the Court's January 11, 2022 order decertifying the collective action, (ECF No. 291); and (3) Plaintiff fails to articulate how Opt-In Plaintiffs will be prejudiced if the Court does not extend the tolling period. Resp. at 1–3.

In his Reply Brief in Support of Plaintiff's Motion to Extend Tolling for Opt-In Plaintiffs to File Individual Actions, ("Reply") (ECF No. 295), Plaintiff assures the Court that his attorneys

have been "working daily, including weekends, to promptly go through the steps outlined in Plaintiff's original Motion." Reply at 1. Further, Plaintiff states there are "significant resources being utilized to make sure all Opt-in Plaintiffs are apprised (by email, letter and phone call) of their rights and options," and that individual actions are filed expeditiously. *Id.* at 2. According to Plaintiff, these circumstances—notifying, discussing, processing and filing up to 650 claims—justify an additional twenty-one (21) days of tolling. *Id.* at 2–3.

Under the FLSA, there is a two-year statute of limitations, unless an employer's violations are deemed willful, in which case there is a three-year statute of limitations. 29 U.S.C. § 255(a). "In a collective action, the individual opt-in plaintiff's claim is considered to have commenced at the time of filing the notice of consent." *Reed v. Starbucks Coffee Co.*, No. 09-60073-CIV, 2009 WL 10668193, at *1 (S.D. Fla. Apr. 24, 2009) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (noting that "Congress amended § 216(b) of the FLSA to provide that an employee must file written consents in order to be made a party plaintiff to the collective action under § 216(b)" and "also incorporated the principle that only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action")).

"Equitable tolling is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Downs v. McNeil*, 520 F.3d 1311, 1324 (11th Cir. 2008). Equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Veterans Administration*, 498 U.S. 89, 96 (1990)). Plaintiff bears the burden

of establishing that equitable tolling applies. *See Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016).

To begin, Opt-In Plaintiffs' claims have been tolled since they filed their respective notices of consent to join. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (observing that under § 216(b) of the FLSA, "only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action"); 29 U.S.C. § 256. The Court then equitably tolled the limitations period for twenty-one (21) days upon its dismissal of Opt-In Plaintiffs' claims without prejudice. (ECF No. 291) at 18.

Here, Plaintiff has not met his burden of establishing that an additional twenty-one (21) days of equitable tolling is warranted. First, as Defendants argue in their Response, it is unclear from Plaintiff's Motion how many Opt-In Plaintiffs, if any, will be prejudiced by the Court's denial of additional tolling, or what exactly that prejudice will be. Resp. at 3. Plaintiff's counterargument that "[w]hether it is one day, one week, or one month past the original twenty-one (21) day deadline, [] Opt-in Plaintiff[s] would be prejudiced by losing that statute of limitation time on the front end of their claim[s]" is unpersuasive. Reply at 2–3.

And, although Plaintiff expresses to the Court that his attorneys are—and have been—working diligently to file individual claims on behalf of Opt-In Plaintiffs who choose to do so, the sheer fact that there is a great number of potential plaintiffs does not constitute "extraordinary circumstances" justifying further tolling the statute of limitations. *Downs*, 520 F.3d at 1324. Equitable tolling is an extraordinary remedy, and the Court finds that the twenty-one (21) day period of tolling provided by its January 11, 2022 is sufficient. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly.").

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Extend Tolling for Opt-In Plaintiffs to File Individual Actions (ECF No. 292) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this _27th_ day of January, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:      All counsel of record