# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cv-62051-KMM

ANTHONY WRIGHT,

    Plaintiff,

v.

WASTE PRO USA, INC, *et al.*,

    Defendants.

_____/

## **ORDER**

THIS CAUSE came before the Court upon Defendants Waste Pro USA, Inc. and Waste Pro of Florida, Inc.'s (collectively, "Waste Pro" or "Defendants") Motion for Summary Judgment ("Defs.' Mot.") (ECF No. 307)[1] and Plaintiff Anthony Wright's ("Plaintiff") Amended Motion for Partial Summary Judgment ("Pl.'s Mot.") (ECF No. 309).[2] The Motions are now ripe for review.

## I.  BACKGROUND[3]

Defendant Waste Pro USA, Inc. is the parent company of Defendant Waste Pro of Florida, Inc. Together, Defendants jointly operate a waste disposal company that provides solid waste and

---

[1] Plaintiff responded ("Pl.'s Resp.") (ECF No. 315) and Defendants replied ("Defs.' Reply") (ECF No. 318).

[2] Defendants responded ("Defs.' Resp.") (ECF No. 316) and Plaintiff replied ("Pl.'s Reply") (ECF No. 319).

[3] The undisputed facts are taken from Defendants' Statement of Material Facts In Support of Defendants' Motion for Summary Judgment, ("Defs.' 56.1") (ECF No. 306), Plaintiff's Statement of Material Facts In Support of His Motion for Partial Summary Judgment, ("Pl.'s 56.1") (ECF No. 308), Defendants' Response to Plaintiff's Statement of Material Facts In Support of His Motion for Partial Summary Judgment, ("Def.'s Resp. 56.1") (ECF No. 313), Plaintiff's Response In Opposition to Defendants' Statement of Material Facts In Support of Defendants' Motion for Summary Judgment, ("Pl.'s Resp. 56.1") (ECF No. 314), Defendants' Reply Statement of Material

recyclable collection and disposal services in Florida.  In all, Defendants have facilities in five (5) regions across the state—Southwest, Southeast, Central, Coastal, and Northeast—with a Regional Vice President overseeing each region.  Defendants maintain several divisional facilities, overseen by a Division Manager or Site Manager, within each region.  Plaintiff worked as a Driver in the Palm Beach and Pembroke Pines Divisions in the Southeast Region from September 14, 2014 until November 7, 2015.

Though the Parties dispute how best to characterize the following events, it is clear from the Court's review of the record that Plaintiff, as one of two named plaintiffs, filed a Complaint and Notice of Consent to join in the United States District Court for the District of South Carolina on October 2, 2017 (the "South Carolina Action").[4]  *See generally Wright et al. v. Waste Pro USA, Inc., et al.*, Case No. 2:17-cv-02654-DCN (D.S.C. Oct. 2, 2017) ("South Carolina Action Complaint") (ECF Nos. 1, 1-1).  On July 25, 2019, the District of South Carolina dismissed Defendants Waste Pro USA, Inc., and Waste Pro of Florida, Inc., as well as the plaintiffs who worked for those entities in Florida, for lack of personal jurisdiction.  *See generally Anthony Wright, et al., v. Waste Pro USA Inc., et al.*, Case No. 2:17-cv-02654-DCN (D.S.C. July 25, 2019) ("South Carolina Action Dismissal Order") (ECF No. 170).

On August 15, 2019, Plaintiff filed the instant action, bringing the same claims as he did in the District of South Carolina.  *See generally* (ECF No. 1).  He filed his Notice of Consent to Join on August 27, 2019.  (ECF No. 9-1).  Defendants moved to dismiss the Complaint on

---

Facts, ("Defs.' Reply 56.1") (ECF No. 317), and a review of the corresponding record citations and exhibits.

[4]  Under Federal Rule of Evidence 201, a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings.  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  Accordingly, the Court takes judicial notice of the relevant filings in South Carolina Action here.

September 18, 2019.  (ECF No. 31).  Plaintiff amended his Complaint two weeks later on October 2, 2019.  (ECF No. 37).  On September 18, 2019, Defendants again moved to dismiss the First Amended Complaint (ECF No. 42), which this Court denied on May 28, 2020 (ECF No. 116).

On June 4, 2020, Plaintiff moved to conditionally certify a collective action and for permission to notify potential class members of the pendency of this action and their right to opt-in. (ECF No. 124). On December 22, 2020, the Court granted Plaintiff's motion, conditionally certifying the collective action.  (ECF No. 148).  Defendants then moved to decertify the collective action on August 6, 2021.  (ECF No. 235).  On January 11, 2022, the Court granted Defendants' motion and dismissed all the Opt-In Plaintiffs without prejudice.  (ECF No. 291).  Plaintiff filed a Second Amended Complaint removing all collective action allegations on February 7, 2022. ("SAC") (ECF No. 299).

In the Second Amended Complaint, Plaintiff alleges that Defendants violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* by (1) not paying a true "day rate" because the purported rate was based upon Plaintiff working eight (8) hours per day, ("Improper Day Rate Claim") SAC ¶¶ 2, 106; (2) not paying a full "day rate" unless Plaintiff worked at least four (4) hours in a day, ("Half Day Rate Claim") *id.* ¶¶ 2, 31–32, 97; (3) failing to include non-discretionary and other bonuses in the regular rate calculation, ("Miscalculation Claim") *id.* ¶¶ 2, 28, 103; and (4) not compensating Plaintiff for pre- and post-shift duties, resulting in a miscalculation of overtime, ("Off the Clock Claim") *id.* ¶¶ 3, 115–16.

Now, the Parties move for summary judgment in their respective Motions.  Plaintiff moves for partial summary judgment on his Day Rate Claim, as well as Defendants' Motor Carrier Act and statute of limitations defenses.  *See generally* Pl.'s Mot.  Defendants move for summary

3

judgment on their statute of limitations defense, and on all of Plaintiff's claims.  *See generally* Defs.' Mot.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56).  A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).  Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party.  *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001).

Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992).  But if the record, taken as a whole, could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Cross motions for summary judgment do not change the standard. *Westport Ins. Corp. v. VN Hotel Grp., LLC*, 761 F. Supp. 2d 1337, 1341 (M.D. Fla. 2010) (citing *Latin Am. Music Co. v. Archdiocese of San Juan of Roman Catholic & Apostolic Church*, 499 F.3d 32, 38 (1st Cir. 2007)). Rather, "[c]ross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538–39 (5th Cir. 2004).

## III.    DISCUSSION[5]

In their Motion, Response, and Reply, Defendants argue that Plaintiff's FLSA claims are time barred and should not be statutorily or equitably tolled. Defs.' Mot. at 3–8; Defs.' Resp. at 8–22; Defs.' Reply at 1–4. Plaintiff contends in his Motion, Response, and Reply, that Defendants' statute of limitations defense is unsupported by the evidence, and that statutory tolling—and, if necessary, equitable tolling—applies to his claims. Pl.'s Mot. at 11–18; Pl.'s Resp. at 11–18; Pl.'s Reply at 4–6. The Court addresses each argument below.

### A.    Plaintiff's Claims Are Time Barred Absent Tolling.

To begin, it is clear from the record—and, indeed, Plaintiff appears to concede—that Plaintiff's claims are time barred unless either statutory or equitable tolling applies.

---

[5] Concluding that Plaintiff is not entitled to either statutory or equitable tolling, the Court does not reach the merits of the Parties' other arguments. Moreover, because the Parties' arguments regarding the propriety of Defendants' statute of limitations defense in their competing Motions are virtually identical, the Court considers both Motions simultaneously.

An action brought under the FLSA must be commenced within two years of accruing, unless an employer's violations are deemed willful, in which case the action must be brought within three years. 29 U.S.C. § 255(a). A FLSA cause of action accrues at the end of each pay period in which the employer has allegedly failed to pay overtime compensation. *See Reed v. Starbucks Coffee Co.*, No. 09-60073-CIV, 2009 WL 10668193, *1 (S.D. Fla. Apr. 24, 2009) (citing *Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994)). Section 256 of the FLSA provides that:

> In determining when an action is commenced for the purposes of section 255 of this title, an action . . . shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action . . . it shall be considered to be commenced in the case of any individual claimant . . . on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

Here, Plaintiff alleges a willful violation of the FLSA by Defendants, so the three-year statute of limitations applies. *See* SAC ¶ 129. Plaintiff's last day of employment with Defendants was November 7, 2015. Defs.' 56.1 ¶ 24; Pl.'s Resp. 56.1 ¶ 24. Therefore, as the named party plaintiff in a putative collective action, Plaintiff's deadline to "commence" his FLSA action was November 7, 2018. *Reed*, 2009 WL 10668193, at *1; § 255(a).

As discussed further below, Plaintiff asserts that he commenced his action in the District of South Carolina on October 2, 2017, and that the statute of limitations on his claims was tolled during the pendency of the South Carolina Action until he and his claims were dismissed without prejudice on July 25, 2019. Pl.'s Mot. at 12. Conversely, Defendants argue that Plaintiff's participation and subsequent dismissal from the South Carolina Action did not toll the statute of

limitations for his FLSA claims, and that his action did not commence until he filed his written

consent form with this Court on August 27, 2019.  Defs.' Mot. at 4, 6.  Thus, if the statute of

limitations was not tolled and Plaintiff's action did not commence until August 27, 2019, then his

claims are time barred since the statute of limitations for willful FLSA violations had run 293 days

before Plaintiff filed his written consent form in this case.  § 255(a).

**B.      Plaintiff's Claims Are Not Entitled to Statutory Tolling.**

Defendants argue that Plaintiff's filing of the complaint and participation in the South

Carolina action did not toll the statute of limitations on his FLSA claims in the instant action.

Defs.' Mot. at 4–6; Defs.' Resp. at 8–15; Defs.' Reply at 1–4.  Specifically, Defendants cite to two

cases in their Motion—*Wang v. Palmisano*, 51 F. Supp. 3d 521 (S.D.N.Y. 2014) and *Bedoya v.*

*Aventura Limousine & Transportation Service, Inc.*, No. 11-24432-CIV, 2012 WL 3962935 (S.D.

Fla. Sept. 11, 2012)—in support of their argument that the dismissal of Plaintiff's claims from the

South Carolina Action without prejudice "has the effect of placing the parties in a position as if

the suit had never been filed."  Defs.' Mot. at 6 (citing *Bedoya*, 2012 WL 3962935, at *4).

Additionally, Defendants argue that the District of South Carolina was not a court of competent

jurisdiction, providing further support that the statute of limitations period was not tolled.  Defs.'

Resp. at 10.  Thus, Defendants contend that Plaintiff's FLSA action did not commence until he

filed this action on August 27, 2019, which was outside of the statute of limitations set forth in

§ 255.  Defs.' Mot. at 6.

Plaintiff argues that "this case is a continuation of Plaintiffs' [*sic*] previous FLSA claims

filed against Defendants in the District of South Carolina," and that statutory tolling applies since

that action was brought within the FLSA's limitations period.  Pl.'s Mot. at 11–12.  Plaintiff points

to a magistrate judge's report and recommendation from a parallel proceeding in the Middle

District of Florida, *Blandon v. Waste Pro USA, Inc.*, Case No. 6:19-cv-02420-WWB-GJK, (ECF No. 195) (M.D. Fla. Dec. 15, 2021), for the proposition that the statute of limitations on Plaintiff's claims were tolled here.  *Id.* at 12.  Plaintiff also cites to several other cases in support of his argument that "the statute of limitations stops running and is tolled from the time the **first** consent is filed by an opt-in plaintiff."  Pl.'s Resp. at 12 (emphasis in original).  Plaintiff additionally contends that "commencement" of an action under the FLSA does not specifically require a court of competent jurisdiction.  Pl.'s Reply at 5.

Here, it indisputable that Plaintiff's claims were dismissed without prejudice in the South Carolina Action, *see* South Carolina Action Dismissal Order at 8–29, 35, despite Plaintiff's attempts to characterize the court's action otherwise.  *See* Pl.'s 56.1 ¶ 19 (stating that Plaintiff's claims were "severed" from the South Carolina Action).  Therefore, the two legal issues for the Court to resolve are (1) whether "commencement" of an FLSA action requires a court of competent jurisdiction and (2) whether a plaintiff's participation in an action that is subsequently dismissed without prejudice tolls the statute of limitations for the plaintiff's claims.

### 1. Applicable Law.

The Eleventh Circuit has held that FLSA plaintiffs are "entitled to statutory tolling of their claims beginning on the dates they filed their written consents." *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1281 (11th Cir. 2018).  However, the Eleventh Circuit has also recognized the "well-settled principle that filing in a court **without competent jurisdiction** does not toll the statute of limitation." *Booth v. Carnival Corp.*, 522 F.3d 1148, 1152 (11th Cir. 2008) (emphasis in original).  For a court to be deemed one of competent jurisdiction, it "must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction)[.]" *See Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017)

(citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583–85 (1999)); *see also Harty v. Ehden, N.V.*, No. 12-CV-14087-KMM, 2012 WL 2312044, at *2 (S.D. Fla. June 18, 2012) (finding a court located in the proper venue and in possession of both subject matter and personal jurisdiction to be one of competent jurisdiction).

**2.      An FLSA Action Must Be Commenced in a Court of Competent Jurisdiction.**

First, it is clear that an FLSA action must be brought in a court of competent jurisdiction to be deemed to have commenced under § 256(a).  It is correct that § 256 does not specifically mention a court of competent jurisdiction when discussing the commencement of an FLSA action. § 256 (stating that an FLSA action commences when the plaintiff's written consent is filed "**in the court in which the action is brought**") (emphasis added).  Yet, § 216(b) of the FLSA **does** expressly state that "[a]n action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) **in any Federal or State court of competent jurisdiction** by any one or more employees for and in [*sic*] behalf of himself or themselves and other employees similarly situated."  § 216(b) (emphasis added).

In *Breuer v. Jim's Concrete of Brevard, Inc.*, the Supreme Court of the United States noted ambiguity in whether to "maintain" an FLSA action meant to initiate a new action or to continue a pending action.  538 U.S. 691, 695 (2003).  However, the *Breuer* court addressed the issue of whether an FLSA action was removable—not the issue at bar, ultimately holding that a defendant properly removed an FLSA action from state court to federal court pursuant to 28 U.S.C. § 1441. *Id.* at 700.  But, the Court did not go so far as to hold that an FLSA action need not be brought in a court of competent jurisdiction.  *See generally id.*  Rather, to the contrary, the Court concluded that while the state court was an appropriate forum under the statute, so, too, was a federal court

9

of competent jurisdiction, meaning the defendant's subsequent removal to federal court "[did] nothing to defeat" Plaintiff's right to maintain an FLSA action. *Id.* at 698.

Under either definition of "maintain" here, Plaintiff's argument fails. If maintain means to "bring" or "institute" an action, then the statute expressly requires that an FLSA action be brought in a court of competent jurisdiction. *Id.* at 695 ("But 'maintain' in reference to a legal action is often read as 'bring' or 'file'. . . .'"). If, on the other hand, maintain means "to continue" a pending action, then the original FLSA action must still initially be brought in a court of competent jurisdiction, otherwise it could not then be maintained in a court of competent jurisdiction. *Id.* at 695 n.1 (observing that "there is reason to think that this sense of 'maintain' was intended" because § 216(c) permits an employee to continue an action brought on his or her behalf by the Secretary of Labor "**in any court of competent jurisdiction**") (citing § 216(c)) (emphasis added). This is the only logical reading of the Supreme Court's opinion in *Breuer*. Plaintiff provides no legal authority to suggest that any action is properly filed in a court lacking competent jurisdiction, and the Court is unaware of any such authority. *See generally* Pl.'s Reply. In fact, Plaintiff notes in both his Motion and his Response that "Eleventh Circuit case law holds that 'filing in a court without competent jurisdiction d[oes] not toll the statute of limitations.'" Pl.'s Mot. at 16 n.7 (quoting *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1353 (11th Cir. 2000); Pl.'s Resp. at 16 n.12.

Additionally, the *Breuer* court's comparison of the FLSA to the Age Discrimination in Employment Act of 1967 ("ADEA") and the Family and Medical Leave Act of 1993 ("FMLA")—federal statutes that either incorporate or use the same language as § 216(b)—for the proposition that the right to maintain an FLSA action did not displace a defendant's right to remove lends further support to this conclusion. *See Breuer*, 538 U.S. at 699. Notably, the ADEA provides

that "[a]ny person aggrieved **may bring a civil action in any court of competent jurisdiction** for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c) (emphasis added). It stands to reason that if an ADEA action, which incorporates the language of § 216(b), requires the commencement of a civil action in a court of competent jurisdiction, then the FLSA does as well.

Finally, Plaintiff's reliance on the *Blandon* report and recommendation is unavailing. While Plaintiff claims that the magistrate judge "clearly determined that statutory tolling applied[,]" that is simply not the case. Pl.'s Mot. at 12; Pl.'s Resp. at 12. Instead, the magistrate judge concluded that "Defendant fail[ed] to meet its burden of demonstrating that there is a genuine issue of material fact and it is entitled to judgment as a matter of law that [the plaintiff's] claim is time barred." *Blandon*, Case No. 6:19-cv-02420-WWB-GJK, (ECF No. 195) at 23. Finding that the defendant had not met its burden in moving for summary judgment is not the same as finding that statutory tolling applies as a matter of law. And, the *Blandon* defendant did not argue that the action was not commenced in South Carolina—Defendants here do. *Compare id.* ("Defendant does not argue that this action was not commenced in South Carolina.") (citing (ECF Nos. 166, 189)), *with* Defs.' Mot. at 4 ("Because Plaintiff's action here was not 'commenced' during the statute of limitations period, it is time-barred."), *and* Defs.' Resp. at 13 (noting that "Defendants do dispute here that Plaintiff's failed lawsuit in South Carolina 'commenced' his FLSA action"). The Court is respectfully unpersuaded by the Middle District of Florida magistrate judge's findings in the report and recommendation.

Consequently, the Court concludes that an FLSA action must be brought in a court of competent jurisdiction.

**3.     Plaintiff's Participation in the South Carolina Action Did Not Toll the Statute of Limitations.**

Relatedly, this action is not, as Plaintiff suggests, "a continuation of Plaintiffs' [*sic*] previous FLSA claims filed against Defendants in the District of South Carolina." Pl.'s Mot. at 11. Rather, this is a new action filed in this District after Plaintiff's previous claims were dismissed without prejudice for lack of personal jurisdiction over these Defendants. *See* South Carolina Action Dismissal Order at 8–29. Because the South Carolina court lacked personal jurisdiction over Defendants, it was not a court of competent jurisdiction. *Supra* Section III.B.2. Thus, the Court concludes that Plaintiff's participation in the South Carolina action did not toll the three-year statute of limitations under § 255.

As Defendants point out, this Court has previously concluded that "[t]he voluntary dismissal of a claim 'has the effect of placing the parties in a position as if the suit had never been filed.'" *Bedoya*, 2012 WL 3962935, at *4 (quoting *Dade Cnty. v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987)). In that case, the Court determined that the plaintiff's voluntary dismissal of his FLSA action in state court did not toll the statute of limitations period such that he could refile his action in federal court after it had run. *Id.* The Eleventh Circuit has held that this applies equally to actions involuntarily dismissed without prejudice. *See Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (affirming the district court's dismissal of the plaintiffs' complaint for failure to comply with the court's order and holding that "[t]he statute of limitations is not automatically tolled in such a situation"); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) (concluding that the district court's dismissal of the plaintiff's complaint without prejudice for failure to prosecute "does not authorize a subsequent suit brought outside of the otherwise binding period of limitations.").

Additionally, in an analogous case cited by Defendants, the Southern District of New York also found that the dismissal of two of a plaintiff's prior actions without prejudice on personal jurisdiction grounds did not toll the statute of limitations for the plaintiff's FLSA claims. *Wang*, 51 F. Supp. 3d at 527, 532 (noting that the plaintiff's two separate FLSA actions—one filed in Massachusetts state court, and one filed in Massachusetts federal court—were dismissed without prejudice, and that "suit[s] dismissed without prejudice . . . [are] treated for statute of limitations purposes as if [they] had never been filed").

The cases cited by Plaintiff in his briefs in opposition are distinguishable from this case for several reasons. First, in *In re Tyson Foods, Inc.*, the court addressed the plaintiffs' motion for equitable tolling and to recognize the validity of consent forms in a multi-district litigation ("MDL"). 2008 WL 4613654, at *1 (M.D. Ga. Oct. 15, 2008). Pertinently, the MDL followed an attempted nationwide FLSA collective action brought in the Northern District of Alabama that the district court declined to conditionally certify due to manageability issues stemming from differences in timekeeping and compensation practices between the more than 5,000 opt-in plaintiffs. *Id.* (discussing *Fox v. Tyson Foods, Inc.,* Case No. 4:99-CV-01612-VEH, (ECF No. 1) (N.D. Ala. June 22, 1999)). In denying the motion for conditional certification, the *Fox* court severed and transferred the claims of the eleven named plaintiffs to the jurisdictions where the claims arose and denied without prejudice the claims of the other opt-in plaintiffs, "giving each of them the time and opportunity to file their own action in the appropriate forum." *Id.* Due to the procedural history of the defunct *Fox* action, the *In re Tyson Foods* court ultimately found that the consent forms filed in the *Fox* action by the named plaintiffs whose claims were severed and transferred to other jurisdictions were valid when refiled in the transferred action. *Id.* at *4. However, the Court also found that the consent forms of the opt-in plaintiffs dismissed without

prejudice were not valid in the new actions and that new consent forms were required, but that the new consent forms would be deemed to relate back to the *Fox* action's consent forms for statute of limitations purposes. *Id.* at *5.

The instant action is distinguishable from *In re Tyson Foods* because Plaintiff was a named plaintiff in the South Carolina Action, and his claims were dismissed without prejudice on personal jurisdiction grounds—not severed and transferred. *See id.*; *see also* South Carolina Action Dismissal Order at 34–35 (denying as moot Plaintiff's motion to sever and transfer to Florida). Moreover, unlike Plaintiff's claims in the South Carolina Action, the claims of the *Fox* opt-in plaintiffs were not dismissed without prejudice for lack of personal jurisdiction over the defendants. *Compare* South Carolina Action Dismissal Order at 8–29 (finding the court lacked personal jurisdiction over the defendants), *with Fox v. Tyson Foods, Inc.,* Case No. 4:99-CV-01612-VEH, (ECF No. 606) (N.D. Ala. Dec. 18, 2006) ("The court sees no reason to convert the opt-in plaintiffs into named Plaintiffs, and believes the appropriate course of action is to dismiss the claims of the opt-in plaintiffs without prejudice, while giving each of them the time and opportunity to file their own action in an appropriate forum."). Thus, the Court finds Plaintiff's reliance on *In re Tyson Foods* unpersuasive.

For similar reasons, Plaintiff's reliance on *Hodges v. Illinois Bell Telephone Co.* is also unsuccessful. No. 15 C 2711, 2015 WL 6407757 (N.D. Ill. Oct. 21, 2015). The *Hodges* court found that an opt-in plaintiff's participation in a collective action that was later decertified tolled the statute of limitations and that the filing of the complaint related back to the earlier action. *Id.* at *3–5 (stating that "the present lawsuit is not a separate lawsuit, but is part of the *Blakes* Action" and that "[b]ecause [the plaintiff's] present Amended Complaint relates back to the *Blakes* lawsuit in which [he] filed a written consent on August 15, 2011, all of [the plaintiff's] claims are timely").

Again, Plaintiff was a named plaintiff in the South Carolina Action—and he was dismissed from that case **before** a motion to conditionally certify the collective action was filed, thus his circumstances are distinguishable from the plaintiff in *Hodges*.  *See generally* South Carolina Action Dismissal Order.  Further, the plaintiff in *Hodges* twice requested and obtained equitable tolling.  *Hodges*, 2015 WL 6407757, at *3 (observing that the statute of limitations was tolled after the collective action's decertification and after the opt-in plaintiff's claims were severed for misjoinder in a subsequent action).  Plaintiff did not request or receive equitable tolling in the South Carolina Action, nor did he seek it in this case until now, despite stating that he would in his Complaint.  (ECF No. 1) at 3 n.1 ("Plaintiff intends to seek equitable tolling of his claims, and the claims of all other Florida drivers who previously opted into the South Carolina Action.").

And, finally, the other cases upon which Plaintiff relies, *Garcia v. Crossmark, Inc.*, No. CV 13-693 MV/LAM, 2014 WL 12482623 (D.N.M. Jan. 29, 2014) and *Stearns v. Crossmark, Inc.*, No. 3:13 CV-01081 (JCH), 2014 WL 12871020 (D. Conn. June 24, 2014), stand for the proposition that "equitable tolling is a separate issue and unnecessary where an FLSA claimant has been a party to a prior FLSA suit that tolled their limitations[.]"  Pl.'s Mot. at 14.  In *Garcia* and *Stearns*, the courts concluded that the plaintiffs' participation in the collective action tolled the statute of limitations for their claims.  *Garcia*, 2014 WL 12482623, at *2; *Stearns*, 2014 WL 12871020, at *2.  However, in both cases, the plaintiffs' claims were dismissed without prejudice after an FLSA collective action was not conditionally certified, and subsequently transferred pursuant to 28 U.S.C. § 1404.  *Garcia*, 2014 WL 12482623, at *1; *Stearns*, 2014 WL 12871020, at *1.

None of the cases cited by Plaintiff above adequately address the issue before the Court: whether a named plaintiff who does not commence his FLSA action in a court of competent

jurisdiction—and whose claims are subsequently dismissed without prejudice on personal jurisdiction grounds—is entitled to statutory tolling of his claims. As a result, the Court finds the reasoning in *Bedoya* and *Wang* more relevant and instructive.

Here, Plaintiff first chose to file his collective action complaint and written consent in the District of South Carolina as a named plaintiff. *See generally* South Carolina Action Complaint. That the South Carolina court had subject matter jurisdiction over the FLSA claims and personal jurisdiction over **some** defendants is of no moment—the South Carolina court did not have personal jurisdiction over **these** Defendants, and therefore was not a court of competent jurisdiction. *See* Pl.'s Reply at 4 n.2; *supra* Section III.B.2.

Defendants filed motions to dismiss on jurisdictional grounds on December 20, 2017. *Anthony Wright, et al., v. Waste Pro USA Inc., et al.*, Case No. 2:17-cv-02654-DCN (D.S.C. Dec. 20, 2017) (ECF Nos. 37, 38). Plaintiff had various procedural options to remedy any potential jurisdictional issues before the South Carolina court ruled on the Defendants' motions to dismiss, yet he opted to wait until December 14, 2018, after discovery and supplemental briefing on the personal jurisdiction issue was completed, to file a motion to sever and transfer. South Carolina Action Dismissal Order at 34 ("On December 14, 2018, plaintiffs filed a motion to sever and transfer to Florida the claims against Waste Pro USA and Waste Pro FL. This was filed weeks after defendants filed their supplemental briefing on personal jurisdiction.") (internal citation omitted). On July 25, 2019, the South Carolina district court dismissed Plaintiff's claims without prejudice for lack of personal jurisdiction and denied Plaintiff's motion to sever and transfer as moot. *Id.* at 35 (stating that "[t]he court declined to enter an order granting the motion to sever and transfer, preferring instead to reach a decision on the merits of the motions to dismiss for lack of personal jurisdiction"). Under Eleventh Circuit precedent, the dismissal of Plaintiff's claims

against Defendants did not toll the three-year limitations period. *Foudy*, 845 F.3d at 1126; *Stein*, 667 F.2d at 34; *Bedoya*, 2012 WL 3962935, at *4 (quoting *Dade Cnty.*, 826 F.2d at 989).

Accordingly, it follows that because the South Carolina court was not a court of competent jurisdiction, the dismissal of Plaintiff's claims in that action without prejudice "ha[d] the effect of placing the parties in a position as if [Plaintiff's] suit had never been filed." *Bedoya*, 2012 WL 3962935, at *4. As a result, Plaintiff's FLSA action did not commence within the meaning of § 256 until he filed his Notice of Consent to Join with this Court on August 27, 2019—almost a year after the statute of limitations period expired on November 7, 2018. Plaintiff's claims are therefore time barred unless equitable tolling is warranted.

### C.   Equitable Tolling of Plaintiff's Claims Is Not Warranted.

Defendants argue that "there are no extraordinary circumstances that were beyond Plaintiff's control and which were unavoidable even with diligence" that warrant equitable tolling. Defs.' Mot. at 6–8. Specifically, Defendants maintain that "Plaintiff made the affirmative decision to originally file his FLSA claims in federal court in South Carolina, a state in which he never worked and where Waste Pro of Florida, Inc. has no operations or presence that could subject it to personal jurisdiction." *Id.* at 7 (internal citation omitted). Defendants dispute the relevancy of the legal authority cited to by Plaintiff in his papers. Defs.' Resp. at 18–22; Defs.' Reply at 4.

Plaintiff contends that, while "the question of equitable tolling is unnecessary because statutory tolling applies, Plaintiff will show that equitable tolling is equally (and conclusively) warranted, out of an abundance of caution." Pl.'s Mot. at 15. Plaintiff cites several cases in support of his argument.[6] *Id.* at 15–18; Reply at 15–18.

---

[6] The Court is unpersuaded by Plaintiff's legal authority. The cases binding on this Court are either distinguishable factually or because the underlying actions were all brought in courts of

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are **both** beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271–72 (11th Cir. 1999) (emphasis added); *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2008 WL 700174, at *3 (S.D. Fla. Mar. 13, 2008) ("'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been **prevented from doing so** due to inequitable circumstances.") (emphasis added) (citing *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998)). The Eleventh Circuit "has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (citations omitted). "The plaintiff bears the burden of showing that such extraordinary circumstances exist." *Arce v.*

competent jurisdiction. *See, e.g.*, *Burnett v. N.Y. Cent. RR. Co.*, 380 U.S. 424, 428 (1965) (holding that "when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action"); *Justice v. U.S.*, 6 F.3d 1474, 1479 (11th Cir. 1993) (concluding that "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations" and that courts, "acting in their equitable capacity, will toll statutes of limitations, but 'only upon finding an inequitable event that prevented plaintiff's timely action'"); *but also see Booth v. Carnival Corp.*, 522 F.3d 1148, 1153 (11th Cir. 2008) (noting that the plaintiff's attorney "should have been aware of the cruise ticket's forum selection clause and of case law deeming such clauses enforceable," but that "he was no more neglectful than the attorney in *Burnett* who filed in Ohio despite the state's venue provisions, which established that venue could not properly lie in any Ohio county"). The remaining cases are both factually distinguishable and merely persuasive authority that the Court declines to follow. *See, e.g.*, *McLeod v. Just Energy Marketing Corp.*, No. 1:15–CV–00368, 2015 WL 5085070 (N.D. Ohio Aug. 27, 2015); *Butler v. DirectSAT USA, LLC*, 55 F. Supp. 3d 793 (D. Md. 2014); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178 (D. Colo. 2012).

*Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citation omitted).  However, the United States Supreme Court has held that a plaintiff need only have used "reasonable diligence," not "maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010).

Here, Plaintiff has not met his burden of showing that extraordinary circumstances warrant the equitable tolling of his claims.  To begin, the circumstances that Plaintiff finds himself in are not unavoidable or beyond his control, despite his arguments to the contrary.  Pl.'s Mot. at 17 (contending that "Plaintiff had no control over whether the S.C. court would dismiss his claims and, also, refuse to transfer his lawsuit to Florida, Defendants' home state").

First, Plaintiff attempted to bring an FLSA collective action in a forum in which he and Defendants had no physical or geographical connection.  *See* Defs.' Mot. at 7.  Courts within this District have stated that equitable tolling will not apply when a plaintiff initiates an action in a court that lacks competent jurisdiction.  *Cf. Rutledge v. NCL (Bahamas) Ltd.*, No. 08-21412-CIV, 2009 WL 10669945, at *1 (S.D. Fla. Mar. 25, 2009) (stating that "[w]here a plaintiff timely brings an action in a court of competent jurisdiction in the hope that the opposing side will waive their objection to improper venue, the case maybe [*sic*] equitably tolled.  If a plaintiff brings an action in a court that lacks competent jurisdiction, however, equitable tolling will not apply") (internal citation omitted).  The choice of where to bring a civil action can hardly be said to be beyond Plaintiff's control.  *Sandvik*, 177 F.3d at 1271–72.

Second, as mentioned previously, Plaintiff was on notice that Defendants contested personal jurisdiction in the South Carolina Action on December 20, 2017.  *Anthony Wright, et al., v. Waste Pro USA Inc., et al.*, Case No. 2:17-cv-02654-DCN (D.S.C. Dec. 20, 2017) (ECF Nos. 37, 38).   On December 14, 2018—and after the statute of limitations had run absent tolling—Plaintiff filed his motion to sever and transfer.  *Anthony Wright, et al., v. Waste Pro USA*

*Inc., et al.*, Case No. 2:17-cv-02654-DCN (D.S.C. Dec. 14, 2018) (ECF No. 129).  There was no guarantee that the South Carolina court would rule in Plaintiff's favor on the personal jurisdiction issue or on Plaintiff's request to sever and transfer.  *Cf. In re Tyson Foods*, 2008 WL 4613654, at *3 ("There was never a guarantee that the *Fox* court would approve conditional certification, and thus the potential opt-in plaintiffs had no reasonable basis for relying upon possible certification as a basis for delaying the filing of their claims").  The Court is unconvinced that waiting almost a year before moving to sever and transfer—or pursue another procedural option, such as voluntary dismissal before the statute of limitations had expired—was beyond Plaintiff's control, *Sandvik*, 177 F.3d at 1271–72, or reasonably diligent, *Holland*, 560 U.S. at 653.

And, third, although Plaintiff asserted he would seek equitable tolling of his claims in his Complaint in August of 2019, Plaintiff did not do so until filing his Motion in March of 2022. (ECF No. 1) at 3 n.1; *see generally* Pl.'s Mot.  Additionally, he never sought or received equitable tolling in the South Carolina Action before bringing this case.  *See generally* South Carolina Action Dismissal Order.  These decisions were squarely within Plaintiff's control.  *Sandvik*, 177 F.3d at 1271–72.  Plaintiff's failure to seek equitable tolling in the South Carolina Action and his significant delay in doing so here also suggest a lack of reasonable diligence.  *Holland*, 560 U.S. at 653.

Thus, Plaintiff has not met his burden of demonstrating that extraordinary circumstances exist that warrant the equitable tolling of his claims.

Consequently, considering the Parties' competing Motions, Defendants have met their burden in establishing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law on their statute of limitations affirmative defense; Plaintiff, on the other hand, has not.  *Great Lakes Ins. SE v. Lassiter*, No. 21-21452-CIV, 2022 WL 1288741, at *3

(S.D. Fla. Apr. 29, 2022) ("Cross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.") (citing *Shaw Constructors*, 395 F.3d at 538–39)

## IV.    CONCLUSION

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants Waste Pro USA, Inc. and Waste Pro of Florida, Inc.'s Motion for Summary Judgment (ECF No. 307) is GRANTED, and Plaintiff Anthony Wright's Amended Motion for Partial Summary Judgment (ECF No. 309) is DENIED for the reasons set forth above.  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment shall be entered by separate order.  The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  4th   day of June, 2022.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:      All counsel of record

21