# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 18, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  22-12261-HH
Case Style: Anthony Wright v. Waste Pro USA Inc, et al
District Court Docket No: 0:19-cv-62051-KMM

Enclosed is the Bill of Costs.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-12261

————————————

ANTHONY WRIGHT,

Plaintiff-Appellant,

*versus*

WASTE PRO USA, INC.,
WASTE PRO OF FLORIDA, INC.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-62051-KMM

————————————

JUDGMENT

2                                                                      22-12261

It is hereby ordered, adjudged, and decreed that the opinion is-
sued on this date in this appeal is entered as the judgment of this
Court.

Entered: June 13, 2023

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: August 18, 2023

[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12261

_____

ANTHONY WRIGHT,

Plaintiff-Appellant,

*versus*

WASTE PRO USA, INC.,
WASTE PRO OF FLORIDA, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-62051-KMM

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and MARCUS, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal concerns the circumstances in which courts will toll the period of limitations for claims under the Fair Labor Standards Act. Anthony Wright sued his former employer for allegedly underpaying him for overtime hours. Wright worked in Florida, but he sued Waste Pro USA, Inc., and its subsidiary, Waste Pro of Florida, Inc., as one of several named plaintiffs in a purported collective action in the District of South Carolina. That court dismissed Wright's claims against Waste Pro USA and Waste Pro of Florida for lack of personal jurisdiction, and it denied as moot his motion to sever his claims and transfer them to a district court in Florida. Instead of appealing or seeking other relief in the South Carolina court, Wright filed a complaint in the Southern District of Florida, alleging the same claims. The Florida district court granted summary judgment in favor of Waste Pro USA and Waste Pro of Florida because it determined that Wright's complaint was untimely. We affirm.

## I. BACKGROUND

Waste Pro USA is the parent company of Waste Pro of Florida. Anthony Wright worked in Florida as a driver for Waste Pro USA and Waste Pro of Florida from September 2014 to November 2015. He alleges that they willfully violated the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

A cause of action under the Act must be commenced within two years of accrual or within three years if the violation was willful. *See id.* § 255(a). It accrues on each payday that follows a period for which the employee is underpaid. *Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994). So, unless tolled, the period of limitations for Wright's last-in-time claim of a willful violation expired in November 2018.

Wright and two other drivers filed a complaint against Waste Pro USA and its Florida, North Carolina, and South Carolina subsidiaries in the District of South Carolina in October 2017. *See Wright v. Waste Pro USA Inc.*, No. 17-cv-02654, 2019 WL 3344040, at *1 (D.S.C. July 25, 2019). They sued individually and on a collective basis on behalf of other drivers. *Id.* In December 2017, Waste Pro USA and Waste Pro of Florida moved to dismiss for lack of personal jurisdiction, among other grounds. *Id.* In December 2018, the drivers moved to sever the claims against Waste Pro USA and Waste Pro of Florida and transfer those claims to Florida. *Id.* at *14. The South Carolina court "declined to enter an order granting the motion to sever and transfer, preferring instead to reach a decision on the merits of the motions to dismiss for lack of personal jurisdiction." *Id.*

The South Carolina court dismissed the claims against Waste Pro USA and Waste Pro of Florida for lack of personal jurisdiction in July 2019. *Id.* at *3, *14. It also dismissed all plaintiffs—including Wright—who were not employees of the remaining defendants, the North Carolina and South Carolina subsidiaries. *Id.* at

\*14. It determined that the motion to sever and transfer claims against Waste Pro USA and Waste Pro of Florida was moot. *Id.* Wright did not appeal the order dismissing him from the case. No motion to conditionally certify the collective action had been filed when Wright's claims were dismissed.

In August 2019, Wright filed the instant action in the Southern District of Florida, alleging the same claims as in the South Carolina action and again suing both individually and on a collective basis. The district court conditionally certified a collective action but later decertified it and dismissed without prejudice all of the plaintiffs who had opted to join the collective action. Only Wright's individual claims remained.

The parties filed motions for summary judgment. The district court ruled, and Wright concedes, that Wright's claims were untimely unless tolling applies. The district court then ruled that the South Carolina action did not toll the limitations period and that Wright was not entitled to equitable tolling, so it granted summary judgment in favor of Waste Pro USA and Waste Pro of Florida.

## II. STANDARDS OF REVIEW

We review a summary judgment *de novo. MSP Recovery Claims, Series LLC v. United Auto. Ins. Co.*, 60 F.4th 1314, 1318 (11th Cir. 2023). "The question of whether or not equitable tolling applies is a legal one and thus is subject to *de novo* review, but we are bound by the trial court's factual findings unless they are clearly erroneous." *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518,

1531 (11th Cir. 1992). Whether a plaintiff has been diligent is a factual determination. *See Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.), *modified on other grounds*, 459 F.3d 1310 (11th Cir. 2006).

## III. DISCUSSION

We divide our discussion into two parts. First, we explain that this action is untimely unless equitable tolling applies. Wright's earlier action in South Carolina has no effect on the limitations period for this action. Second, we explain that Wright has not satisfied his burden to prove that he is entitled to equitable tolling.

*A. This Action Is Untimely Unless Equitable Tolling Applies.*

Wright's primary argument—that the Florida action is timely because the limitations period was tolled while the South Carolina action was pending—fails because the South Carolina action is not related to this action. For purposes of a limitations period, an action that is dismissed without prejudice is ordinarily treated as never filed. Suits under the Fair Labor Standards Act are not an exception to that rule. The decision on which Wright relies to argue that the limitations period was tolled by the South Carolina action is inapposite. The parties also dispute whether the lack of personal jurisdiction over the Waste Pro entities in the South Carolina court means that the South Carolina action was not properly commenced under the Act, but we need not reach that question to conclude that the Florida action is untimely.

As "a general rule," "the filing of a lawsuit [that] later is dismissed without prejudice does not automatically toll the statute of

limitations." *Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993); *see also Willard v. Wood*, 164 U.S. 502, 523 (1896) ("The general rule in respect of limitations . . . [is] that if . . . from any cause . . . the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred."). For purposes of a limitations period, courts treat a complaint that is dismissed without prejudice as though it were never filed. *See Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *cf. Dade Cnty. v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987) ("[T]he subsequent voluntary dismissal of the federal action has the effect of placing the parties in a position as if the suit had never been filed.").

We have recognized on many occasions that when a timely complaint is dismissed without prejudice, a later action that is filed outside the period of limitations is untimely, as it would be if the previous action had never existed. *See, e.g., Boazman v. Econ. Lab'y, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982). That rule makes sense because when a plaintiff files a second complaint after his first is dismissed, the second complaint commences a new action. That new action is what must satisfy the limitations period. *Cf. Dade Cnty.*, 826 F.2d at 989.

Wright suggests that contrary to the ordinary rule, the commencement of a Fair Labor Standards Act action tolls the limitations period even when it is later dismissed without prejudice. He bases his argument on the text of the Act about commencement of an action and our holding that certain plaintiffs who are dismissed

without prejudice from a purported collective action under the Act
are entitled to tolling for the pendency of their participation in the
action. Both arguments fail.

Wright's statutory argument fails because it relates to
whether the South Carolina action was "commenced" under the
Act, which has no bearing on whether the later Florida action was
timely. Nothing in the Act exempts actions under it from the ordi-
nary rule that an action dismissed without prejudice does not toll
the limitations period to make a new action timely. Section 216
provides a private cause of action "in any Federal or State court of
competent jurisdiction." 29 U.S.C. § 216(b). A plaintiff may sue in-
dividually or collectively with "other employees similarly situ-
ated." *Id.* Section 255 provides a limitations period for that cause of
action: two years by default or three years if the violation of the
statute was willful. *Id.* § 255(a). Section 256 explains that for pur-
poses of that limitations period, an action "shall be considered to
be commenced on the date when the complaint is filed; except that
in the case of a collective . . . action[,] . . . it shall be considered to
be commenced in the case of any individual claimant" when he files
his written consent to become a party in the court in which the
action was brought. *Id.* § 256. None of these sections provides for
tolling the limitations period for the pendency of a dismissed suit.

Wright argues that because section 256, unlike section
216(b), speaks of a complaint being filed but does not mention a
"court of competent jurisdiction," an action must be treated as
"commenced" under section 256 even if the court in which the

action was filed lacked jurisdiction. He argues that he satisfied the statute of limitations by "commencing" the South Carolina action even though that action was dismissed for a jurisdictional defect. But whether the South Carolina action was "commenced" under section 256 despite the absence of personal jurisdiction is beside the point. We need not decide whether the Act separates jurisdictional requirements from filing requirements, as Wright contends. Section 256, in defining when an action commences, says nothing about the effect of dismissal, so it gives us no reason to depart from the ordinary rule that an action that is commenced but later dismissed without prejudice is a nullity for purposes of a limitations period.

When Congress provides for tolling as a matter of law, it says as much. For example, the Act provided for the "suspension" of the period of limitations in certain circumstances related to the 1974 amendments to the Act. *Id.* § 255(d). It also provided a grace period after the 1947 amendments. *Id.* § 255(c). And when Congress has decided in other statutory contexts to override the ordinary rule that a dismissed action has no tolling effect, it has done so clearly. *See, e.g.*, 28 U.S.C. § 1367(d) (tolling the limitations period for a claim over which a district court exercises supplemental jurisdiction during the pendency of the claim and for 30 days after dismissal); *id.* § 2415(e) (providing a one-year grace period for recommencing certain actions brought by the United States after a dismissal without prejudice). Section 256, by contrast, does not state that the commencement of an action that is dismissed has any tolling effect for a later-filed action.

Wright contends that the rule that a dismissed action has no tolling effect is applicable only where a complaint is sufficient to commence an action. He argues that because a collective-action plaintiff must fulfill an additional requirement—filing written consent to join the action—before his action is "commenced" under section 256, a different tolling rule should apply. We disagree.

That section 256 requires a plaintiff who seeks to join a collective action to file written consent to become a party for his action to commence adds nothing to the analysis because a second action filed after a dismissal is still a new action. *Cf. Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1019 (11th Cir. 2007) (holding that consent forms filed in a purported collective action did not carry over to *new* actions filed later). Commencement is a separate issue from the effect of dismissal. Wright fails to connect them.

Wright also argues that our precedent dictates that the limitations period was tolled from the date he filed his consent to join the South Carolina action to the date he was dismissed from that action. He cites *Mickles v. Country Club Inc.*, 887 F.3d 1270 (11th Cir. 2018), to argue that "[i]n [Fair Labor Standards Act] actions, courts should apply statutory tolling from the date individuals file their written notices of consent to the day they are dismissed from the action." But Wright reads too much into *Mickles*. The holding of *Mickles* does not extend to original plaintiffs whose complaints are dismissed.

*Mickles* pertained to opt-in plaintiffs who were dismissed from a decertified collective action, not to original plaintiffs whose

complaints, like Wright's, were filed and would have remained pending regardless of collective-action status. Wright was dismissed from the South Carolina action not because it could not be maintained as a collective action—indeed, he was dismissed before any motion to conditionally certify a collective action was even filed—but because he could not maintain his complaint against the Waste Pro entities in that court.

The Act allows an employee to file a complaint individually as well as on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). Unlike in a class action under Federal Rule of Civil Procedure 23, an individual who seeks to join a Fair Labor Standards Act suit that was filed as a collective action must affirmatively opt in by filing with the court his written consent to join the action. *Mickles*, 887 F.3d at 1275–76; *see* 29 U.S.C. § 216(b).

We have recommended that district courts use a two-step approach to determine whether a purported collective action meets the statutory requirements. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). First, the court may conditionally certify a collective action based on the pleadings and send notice to individuals who may be "similarly situated" to the original plaintiffs. *See Mickles*, 887 F.3d at 1276. Second, following discovery, the court must determine whether the opt-in plaintiffs are in fact similarly situated to the original plaintiffs. *Id.*

If the opt-in plaintiffs are not similarly situated to the original plaintiffs, the district court must decertify the collective action; the original plaintiffs then proceed with their individual complaints. *Id.*

Ordinarily, opt-in plaintiffs are dismissed without prejudice to their ability to refile. *Id.* at 1280. In this case, for example, the Florida court decertified the collective action and tolled the limitations period for the dismissed opt-in plaintiffs for twenty-one days after the decertification order.

In *Mickles*, this Court held that opt-in plaintiffs become parties to the case immediately upon filing their written consents to become plaintiffs, regardless of whether the district court has already granted conditional collective-action certification. *Id.* at 1277. We reasoned that section 216(b) makes plain that filing written consent to join is the sole requirement for an opt-in plaintiff to become a party. *Id.* at 1278. So, we held that the district court had erred when it determined that opt-in plaintiffs who were dismissed when the court denied a motion for conditional certification had never been parties in the case at all. *Id.* at 1275–78. But the district court did not abuse its discretion when it denied the motion for conditional certification as untimely, so we affirmed the denial of that motion. *Id.* at 1279–80.

We next explained that the order deeming those dismissed opt-in plaintiffs non-parties "was tantamount to dismissing them with prejudice, as the applicable statute of limitations would probably bar them from refiling their claims." *Id.* at 1280. We reiterated that opt-in plaintiffs are ordinarily dismissed without prejudice, *id.*, and held that the opt-in plaintiffs were "entitled to statutory tolling of their claims beginning on the dates they filed their written consents," *id.* at 1281 (citing 29 U.S.C. § 256(b) (providing that an opt-

in plaintiff's action commences, for purposes of the limitations pe-
riod, when he files his written consent to join)). Although we used
the phrase "statutory tolling," we did so only in reference to the
statutory provision regarding the commencement of an action. *Id.*
Except for narrow provisions related to the 1947 and 1974 amend-
ments to the Act—which were not at issue in *Mickles* and are not at
issue here—there is no mandatory, statutory basis for an exception
to its limitations period. *See* 29 U.S.C. § 255(b)–(d).

    *Mickles* is inapposite. Tolling the limitations period for a dis-
missed opt-in plaintiff makes sense for many of the same reasons
that the commencement of a class action under Federal Rule of
Civil Procedure 23 tolls the limitations period for unnamed mem-
bers of the putative class until class certification is denied. *See
Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983). Col-
lective actions under section 216(b) benefit plaintiffs by allowing
them to pool resources and benefit the judicial system by promot-
ing the efficient resolution of common issues. *See Hoffmann-La
Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), *superseded by rule on
other grounds*, *see* 2000 Amendments to Federal Rules of Civil Pro-
cedure. In the light of those benefits, courts permit tolling for opt-
in plaintiffs so that they can join collective actions without the risk
of their complaints becoming stale while certification is pending.
But that analysis—and our reasoning in *Mickles*—has nothing to do
with an original plaintiff, like Wright, whose complaint remains
pending even after decertification. *See Mickles*, 887 F.3d at 1280.
Wright's circumstances are indistinguishable from those of a plain-
tiff who sues solely on his own behalf to begin with and who does

not enjoy any tolling when an action is dismissed without prejudice.

### B. Wright Is Not Entitled to Equitable Tolling.

*Mickles* establishes that equitable tolling is available in Fair Labor Standards Act cases, although the decision did not treat the tolling of the plaintiffs' claims as a matter of equity. *See also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (explaining that time requirements in suits between private litigants are presumptively subject to equitable tolling). The Waste Pro entities do not argue otherwise. But Wright admits that Waste Pro never misled him about the limitations period, so Waste Pro is not estopped from asserting that Wright's action is barred. *See Browning v. AT&T Paradyne*, 120 F.3d 222, 226 (11th Cir. 1997). "The remaining question is whether equitable tolling is warranted here." *Justice*, 6 F.3d at 1478. We hold that it is not.

Equitable tolling "is an extraordinary remedy [that] should be extended only sparingly." *Id*. at 1479. Wright must prove that equitable tolling is appropriate "because of extraordinary circumstances that [we]re both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Relatedly, "relief in equity generally is inappropriate when the moving party has an adequate remedy at law." *Justice*, 6 F.3d at 1480. "[O]ur inquiry is not the propriety of the [South Carolina] dismissal per se, but whether equity is the proper vehicle for relief. Equity's reach is quite modest when adequate legal remedies are available." *Id*. at 1482.

Wright has not satisfied his burden. The district court's finding that Wright did not act with reasonable diligence was not clearly erroneous. Wright failed to pursue available legal remedies to preserve his claims.

Wright could have filed a protective action in Florida. We held that the plaintiff in *Booth v. Carnival Corp.* was entitled to equitable tolling when he filed suit in a district court after the limitations period had run but while his state-court case was still pending. 522 F.3d 1148, 1149–50 (11th Cir. 2008). Booth filed his federal claim approximately three months after the defendant first raised the issue of improper venue, which was the defense that eventually resulted in the dismissal of the state case. *Id.* at 1153. In this case, by contrast, Wright did not file in Florida until after his South Carolina action was dismissed, and the Florida filing came more than a year and a half after the Waste Pro entities contested personal jurisdiction in South Carolina. He did not move to sever and transfer his claims until nearly a year after the Waste Pro entities contested personal jurisdiction. So, Wright was far less diligent than Booth in pursuing available legal remedies.

Even after his South Carolina action was dismissed, Wright had "alternate ways of preserving his cause of action short of invoking the doctrine of equitable tolling." *Justice*, 6 F.3d at 1480. He could have filed a motion for reconsideration of or for relief from the dismissal order and argued that transfer was in the interest of justice. *See id.* at 1480–81; *cf. Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965) ("Numerous cases hold that when dismissal of

an action for improper venue would terminate rights without a hearing on the merits because [the] plaintiff's action would be barred by a statute of limitations, the interest of justice requires that the cause be transferred." (internal quotation marks omitted)). He also could have appealed the dismissal. "The right to appeal generally is regarded an adequate legal remedy [that] forecloses equitable relief." *Justice*, 6 F.3d at 1481; *see also Elmore*, 227 F.3d at 1013 ("[The plaintiff's] complaint is that his suit was erroneously dismissed, as a result of which . . . his claim was lost because the statute of limitations ran before he refiled. Equitable tolling is not a remedy for an erroneous judgment; appeal . . . is.").

A diligent plaintiff would have filed a protective action or pursued a legal remedy in the South Carolina proceeding. "To the extent [Wright] will suffer irreparable harm if equitable tolling does not apply in this case, that is the consequence of his own failure to pursue his remedies at law. Equity will not intervene in such circumstances." *Justice*, 6 F.3d at 1482.

## IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of Waste Pro USA and Waste Pro of Florida.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 13, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  22-12261-X
Case Style:  Anthony Wright v. Waste Pro USA Inc, et al
District Court Docket No:  0:19-cv-62051-KMM

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at
www.ca11.uscourts.gov.

Clerk's Office Phone Numbers
General Information:    404-335-6100        Attorney Admissions:        404-335-6122
Case Administration:   404-335-6135        Capital Cases:              404-335-6200
CM/ECF Help Desk:      404-335-6125        Cases Set for Oral Argument: 404-335-6141

OPIN-1A Issuance of Opinion With Costs

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
**Bill of Costs**

Court of Appeals Docket No. __22-12261__

Anthony Wright _____ vs. Waste Pro USA, Inc. and Waste Pro of Florida, Inc.

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

## INSTRUCTIONS

The appellate docketing fee is set in the fee schedule issued pursuant to 28 U.S.C. § 1913. However, the $5 fee for filing a notice of appeal is recoverable as a cost in the district court. In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellate Docketing Fee | — | — | — | — | — | | |
| Appellant's Brief | | | | | | | |
| Appendix | X | | 309 | 5 | 1,545 | 231.75 | $231.75 |
| Appellee's Brief | X | | 47 | 7 | 329 | 49.35 | $49.35 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | **TOTAL** | $281.10 | $ $281.10 |
| | | | | | | REQUESTED | ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _____  Date Signed: 6/27/23

Attorney Name: Amy S. Shay, Esq.  Attorney for: Appellees, Waste Pro USA, Inc. and Waste Pro of Florida, Inc.
(Type or print your name) (Type or print name of client)

E-mail: ashay@scsplaw.com  Phone: (407) 316 0393

Street Address/City/State/Zip: 220 North Rosalind Ave., Orlando, Florida 32801

---

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$281.10__ against __Appellant__

and are payable directly to __Appellee__

David J. Smith, Clerk of Court

Issued on: __ISSUED AS MANDATE: 8/18/2023__  By: /S/ Tresa A. Raines   DATE: 7/5/2023
Deputy Clerk

BOC Rev.: 6/17